**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEXANDER BARENBOY, | Civil Action |
| Petitioner | 2:06-CV-722 (FSH) |
| v. | **O P I N I O N** |
| IMMIGRATION & CUSTOMS ENFORCEMENT, | |
| Respondent. | |

**APPEARANCES:**

    ALEXANDER BARENBOY, pro se
    Hudson County Correctional Center
    Kearny, New Jersey 07032

    CHRISTOPHER J. CHRISTIE,
    United States Attorney;
    SUSAN HANDLER-MANAHEM,
    Assistant United States Attorney
    970 Broad Street
    Newark, New Jersey 07102
    Attorneys for Respondent

**FAITH S. HOCHBERG, District Judge**

This application (hereinafter "Petition") for a Writ of Mandamus under 28 U.S.C. § 1361 was filed by Petitioner Alexander Barenboy (hereinafter "Petitioner"). Prior to this Petition, Petitioner made two applications to this Court. The procedural and factual matters pertaining to Petitioner's previous applications were detailed by the Court of Appeals for Third Circuit in Barenboy v. AG of the United States, 2005 U.S. App. LEXIS 29056 (3d Cir. 2005), and could be summarized as follows:

> [Petitioner] was born in the Moldavian Soviet Socialist Republic, which no longer exists, having become the independent Republic of Moldova in August 1991. [Petitioner] entered the United States as a refugee in 1992. About ten years later, he was convicted of a drug crime and was placed in removal proceedings. An Immigration Judge (IJ) denied [Petitioner]'s application for asylum, withholding of removal and deferral of removal under the United Nations Convention Against Torture, and ordered him removed to Moldova. On August 18, 2004, the Board of Immigration Appeals (BIA) affirmed. . . . [T]he Moldovan Embassy informed the U.S. Immigration and Customs Enforcement (ICE) that [Petitioner] was not a citizen of Moldova, but that he could apply for citizenship, based on his birth in Moldavia. The Consul indicated that he would only forward an application for citizenship upon written request from Barenboy himself. ICE prepared a letter for [Petitioner]'s signature. . . . Barenboy signed the letter, but . . . added the words "sing [sic] under the protest." The deportation officer believed that the Moldovan Embassy would not accept such a letter, and did not send it . . . inform[ing Petitioner] of his obligation to cooperate . . . . [petitioner] filed a petition for a writ of habeas corpus, arguing that there was no likelihood of his removal in the foreseeable future and that his detention was therefore improper under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) . . . . The District Court rejected his argument, finding that [Petitioner] had "caused the continued detention," and . . . the Government was authorized to extend the removal period where the "alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure." On June 8, 2005, [Petitioner] filed a second habeas petition in the District Court. He again argued that his removal in the foreseeable future was unlikely, but provided no substantiation for the assertion . . . . The District Court issued an order to show cause why the petition should not be dismissed as a second or successive petition. After receiving responses and holding a hearing, the District Court dismissed the petition with prejudice, finding that [Petitioner]'s issues had been raised in his prior petition, and that he raised no new issues. [Petitioner] appealed. [The Court of Appeals found] no legal error [in District Court's dismissal of the petition as second or successive. [Althought Petitioner] argued that circumstances had changed [because] he had cooperated in submitting a citizenship application, . . . . [The Court of Appeals] agree[d] with the District Court that [(1)] these circumstances were not legally significant[; and

>(2) Petitioner] had failed to produce any competent evidence on the question of whether he was unlikely to be removed in the foreseeable future.

Id. at *1-5.

Petitioner's current Petition asserts, anew, that Petitioner "is being held in indefinite detention," Pet. at 1, since "forc[ing Petitioner to obtain] citizenship [in] Moldova [against Petitoner's will] (1) violate[s] the United States . . . obligations [under the United Nations Convention Against Torture]," id. at 4, and thus, "deni[al of asylum to Petitioner] is tantamount to sending him to his death or subjecting him to systematic torture and prosecution, id. at 4-5, and (2) imposes upon Petitioner indefinite detention if Petitioner refuses to cooperate by "grossly object[ing the efforts to] forc[e] him to acquire Moldovan citizenship." Id. at 4, 9.  Consequently, "[P]etitioner requests [(1)] an order prohibiting the [Immigration and Customs Enforcement] from forcing [P]etitioner to become a citizen of Moldova or any other country where his freedoms would be at risk and where the government of that country would be either unwilling or unable to protect these rights,"[1] id. at 17, and (2) supervised release, since Petitioner "fully met his burden under Zadvydas [v. Davis, 533 U.S. 678

---

[1] Petitioner admits that the argument was available to him but asserts that his "counsel failed to raise the issue before this Court and the Court of Appeals."  Pet. at 1.

3

(2001), and] there is no significant likelihood of his removal in the reasonably foreseeable future." Id. at 8, 12.

**JURISDICTION**

Petitioner characterizes his action as a writ of mandamus under 28 U.S.C. § 1361. The Court finds that Petitioner is not entitled to issuance of a writ of mandamus under 28 U.S.C. § 1361. To be eligible for mandamus relief, a petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. See Rios v. Ziglar, 398 F.3d 1201 (10th Cir. 2005); see also Cheney v. U.S. Dist. Court for the Dist. Of Columbia, 542 U.S. 367 (2004) ("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty") (citing Heckler v. Ringer, 466 U.S. 602 (1984)). Petitioner, however, has not established any of these requirements. With respect to the first two requirements, the Third Circuit's opinion in Barenboy v. AG of the United States, 2005 U.S. App. LEXIS 29056 (3d Cir. 2005), was expressly based on lack of Respondent's duty to grant Petitioner the requested relief. Moreover, Petitioner has adequate access to relief via a petition for habeas relief under § 2241 if he can establish that his removal is not reasonably foreseeable. Therefore, the writ of mandamus is denied, and the Court will construe Petitioner's

application as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**A.   Challenge to Detention under Section 2241**

Section 2241 of Title 28 of the United States Code provides, in relevant part: "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . . (c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  Thus, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 2241(a) and (c) in that Petitioner challenges his custody under the authority of the United States and in violation of the laws of the United States.  See United States v. Ferri, 686 F.2d 147, 158 (3d Cir. 1982), cert. denied, 459 U.S. 1211 (1983) (claims attacking the execution of a petitioner's sentence are properly brought under 28 U.S.C. § 2241); see also Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 (2d Cir. 1991) ("challenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241").

**B.   Challenge to Order of Removal**

On May 11, 2005, the President signed into law the REAL ID Act of 2005.  See Pub. L. 109-13, Div. B, 119 Stat. 231 (May 11,

2005).  Section 106(a)(5) of the REAL ID Act of 2005 amends 8 U.S.C. § 1252 to provide that, "[n]otwithstanding any other provision of law (statutory or non[-]statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)."[2]  See REAL ID Act of 2005, § 106(a)(5), to be codified at 8 U.S.C. § 1252(a)(5).

 Moreover, pursuant to 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

---

[2] Subsection (e) of § 1252 is not applicable here.  That section provides that judicial review of any determination made under 8 U.S.C. § 1225(b)(1) is available in habeas corpus proceedings, limited to a determination of whether the petitioner is an alien, whether the petitioner was ordered removed under such section, and whether the petitioner can prove certain conditions.  See 8 U.S.C. § 1252(e)(2).  Section 1225(b)(1) governs the inspection of aliens arriving in the United States and authorizes an immigration officer to order the removal of an alien who is arriving in the United States, without further hearing.  See 8 U.S.C. § 1225(b)(1).

The applicable venue provision, 8 U.S.C. § 1252(b)(2), provides that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Here, the Petition is silent as to the venue of the immigration court that issued the order of removal.

## C.  Retained Part of Petition

The retained part of the Petition presents a successive petition (and, perhaps, constitutes an abuse of writ).[3] Since the very same facts with regard to Petitioner's state of removal proceedings were already brought to the attention of this Court and the Court of Appeals, and ruled upon by both Courts, see Barenboy v. AG of the United States, 2:04-cv-04706-JAP (N.J.D. 2005), aff'd, 2005 U.S. App. LEXIS 29056 (3d Cir. 2005), the retained part of the Petition is either successive or an abuse of writ. Indeed, the only "new fact" offered by Petitioner is,

---

[3] The terms "successive petition" and "abuse of the writ" have slightly different meanings. A "successive petition" raises grounds identical to those raised and rejected on the merits on a prior petition. See Sanders v. United States, 373 U.S. 1, at 15-17 [(1963)]. . . . The concept of "abuse of the writ" is founded on the equitable nature of habeas corpus. . . . Where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitles him to the relief he seeks, the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ. Id. at 17-19.

effectively, his argument that his detention became indefinite since he "will not" be removed because he "should not" be removed (and he should not be removed because he will be either tortured or killed).  See Pet. at 8, 12.  This "information" cannot constitute a new issue as defined in Barenboy, 2005 U.S. App. LEXIS 29056, at *4-5, since this "new" submission is nothing but (1) a conjuncture of circular arguments, (2) Petitioner's speculation as to the future findings by the Court of Appeals with respect to the possibility that Petitioner would br granted asylum on the basis of his refugee status,[4] and (3) bald assertions unsupported by any facts.

     Moreover, the Respondents clarify that

> On May 22, 2006, Deportation Officer Shaughnessy was able to talk to Mr. Cucos of the Moldovan Embassy.  Mr. Cucos stated that[,] on May 17, 2006, he finally received from [P]etitioner's family[] the documents needed to consider [P]etitioner for citizenship.

Ans. at 7 (citing Shaughnessy Dec. ¶ 3).

---

[4] See Bakhtriger v. Elwood, 360 F.3d 414 (3d Cir. 2004) (affirming refusal of asylum to a member of Jewish faith who was to be removed to Moldova since the issue was a discretionary agency matter not subject to review under Section 2241); Crivoseia v. Ashcroft, 104 Fed. Appx. 237 (3d Cir. 2004) (since there was no substantial evidence to corroborate aliens' claims that they were persecuted in their native Moldova because they were Jewish, withholding of removal was properly denied); see also Smriko v. Ashcroft, 387 F.3d 279 (3d Cir. 2004) (where an alien sought to terminate his removal proceedings on the basis of his refugee status, the Court refused to acknowledge an automatic refugee's right to asylum and remanded the case to the BIA for clarification of the grounds for streamlining of the case in accordance with applicable regulations).

Since Petitioner failed to show any new *legally significant* facts suggesting lack of likelihood of his removal in the reasonably foreseeable future, see Barenboy v. AG of the United States, 2005 U.S. App. LEXIS 29056, at *5, and since Petitioner's removal proceedings are clearly underway and progressing successfully, the retained part of his Petition shall be dismissed.

## CONCLUSION

Since the aspect of Petitioner's application asserting lack of likelihood of his removal in the reasonably foreseeable future is successive, this Court denies Petitioner a Writ of Habeas Corpus with respect to this claim pursuant to 28 U.S.C. § 2241. Since the aspect of Petitioner's application contesting his removal order shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings, this Court directs the parties to stipulate to or brief the propriety of the transfer order pursuant to Special Notice issued by the Court of Appeals for the Third Circuit on June 16, 2005.

An appropriate Order accompanies this Opinion.

                                           /s/ Faith S. Hochberg
                                         **United States District Judge**

Date:   June 15, 2006